IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON L. FERGUSON, #14304-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 19-cv-01256-JPG ) |
| ALTON CITY JAIL, MICHAEL PHILLIPS, JARRED FORD, JOSH BOLD, KIM DUNN, and JOHN FRANKE, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Brandon Ferguson, an inmate in the custody of the Federal Bureau of Prisons and currently housed at the United States Penitentiary in Leavenworth, Kansas, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-18). Plaintiff claims that his friend was targeted by the Alton City Police and subjected to an unlawful arrest, interrogation, and search on or around May 26, 2019. (*Id*. at pp. 6, 8-15). Plaintiff filed numerous grievances to complain about the mistreatment of his friend, but his grievances were disregarded, delayed, and/or discarded. (*Id*.). He seeks an apology and money damages from the defendants. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

1

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations, the Court finds it convenient to designate two claims in this Complaint:

> **Count 1:** Defendants violated unspecified constitutional rights of Plaintiff's friend by subjecting her to an unlawful arrest, interrogation, and search on or around May 26, 2019.
>
> **Count 2:** Defendants violated Plaintiff's constitutional rights by mishandling grievances he filed to complain about their mistreatment of his friend on or around May 26, 2019.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Plaintiff lacks standing to pursue a § 1983 claim on behalf of his friend. Article III of the U.S. Constitution limits the jurisdiction of federal courts to actual cases and controversies. The doctrine of standing is central to this requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). To have standing, a plaintiff must: (1) present a concrete and particularized "injury-in-fact" that is actual or imminent, not merely conjectural or hypothetical; (2) show a causal connection between the injury and the complained-of conduct; and (3) show a likelihood that the injury will be redressed by a decision in his or her favor. *Lujan*, 504 U.S. at 560-61. Plaintiff bears the burden of establishing each of these elements. *Id*. at 561 (citations omitted).

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. In other words, Plaintiff can

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

pursue a § 1983 claim for violations of *his* constitutional rights by a state actor. However, he lacks standing to pursue a § 1983 claim on behalf of his friend. Unless he can demonstrate that he suffered a direct, personal injury, Plaintiff cannot proceed with his claims in Counts 1 and 2.

As for direct injuries, Plaintiff identifies a search of his vehicle that occurred during the unlawful arrest, search, and investigation of his friend. While this conduct may give rise to Plaintiff's claim against those state actors who were involved in the search of his vehicle, Plaintiff offers insufficient information to state a claim against anyone. He merely mentions the vehicle search in passing in his Complaint. He has not established a direct, personal injury, and he cannot—as a non-lawyer—prosecute a claim on behalf of another. *See Navin v. Park Ridge Sch. Dist.* 64, 270 F.3d 1149 (7th Cir. 2001).

Plaintiff also identifies the mishandling of his grievances as an injury, but he filed the grievances on behalf of his friend and faces the same problem with standing when bringing this claim. Moreover, prison grievance procedures are not constitutionally mandated. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008).

Because Plaintiff lacks standing to pursue this § 1983 case on behalf of his friend and also articulates no viable claims of his own, the Complaint shall be dismissed. However, the dismissal shall be without prejudice, and Plaintiff may file an Amended Complaint if he chooses to re-plead his claims in this action. If he so chooses, Plaintiff must comply with the deadline and instructions in the below disposition.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). He has demonstrated no efforts to locate counsel on his own. At the same time, Plaintiff has demonstrated an ability to articulate the claims in this case with relative ease and clarity (albeit on behalf of a third party) and does not point to impediments that warrant the recruitment of counsel at this time.

**Disposition**

**IT IS ORDERED** that the Complaint is **DISMISSED without prejudice**. Plaintiff lacks standing to pursue **COUNTS 1** and **2** on behalf of a third party. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **ALTON CITY JAIL, MICHAEL PHILLIPS, JARRED FORD, JOSH BOLD, KIM DUNN,** and **JOHN FRANKE** as parties in CM/ECF.

On or before **March 2, 2020**, Plaintiff is **GRANTED** leave to file an "Amended Complaint." Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Amended Complaint," and he should use the case number for this action (No. 19-cv-01256-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the

original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/4/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
